Lon&wortju, J.
The act of April 18,1874 (71 Ohio L. 85), imposes upon railway companies the duty of fencing their roads and keeping the fences in repair. In case of default it gives to the land-owner the right to erect or repair the fence himself, after notice to the company, and to recover the cost from the company. It further provides :—
“And every such railroad company shall be liable for all damages sustained in person or property in any manner by reason of the want or insufficiency of such fence, &c., or any carelessness or neglect of said company, their agent or agents in constructing or keeping the same in repair.”
By the terms of the act no duty is imposed upon the land owner; he is invested simply with a right or privilege which he may or may not exercise atjiis election; the duty is upon the company. To hold that where this duty is neglected the land-owner must take the risk of pasturing his stock withoirt the protection of a sufficient fence is simply to nullify the terms of the statute. It is certainly not too much to say that he may fairly presume that the company, having neglected to keep the fence in proper condition, will take care to so run its trains as not to injure stock which may escape and stray upon the railroad track.
It was held in Rogers v. Railroad Co., 1 Allen 16, that a railroad company, which is bound to erect and maintain a sufficient fence, is liable in damages if a horse, feeding in an *413 adjacent pasture, escapes through a defect in the fence and is killed by the cars, without proof of any. care ou the part of the plaintiff to prevent such an escape. In delivering the opinion of the court in that case, Chapman, J., remarked : “ The plaintiff had a right to place his colt in his pasture to feed, and was under no obligation to the defendants to use any care to prevent his escape by reason of their neglect to maintain the fence. It was for them to use the necessary care to prevent such an escape, and their duty would not- be transferred to the plaintiff by giving him notice that the colt had escaped two or three times before and been upon the track, and so evidence of such notice would be immaterial. The plaintiff would still have a right, as between him and the defendants, to use his pasture as before; and the due care to prevent the escape through the defect of the fence would still be the duty of the defendants.”
I have not thought it well to discuss the numerous cases bearing upon this subject as they turn upon the construction of statutes which vary in different states.

Judgment affirmed.